IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAYMON B. STROUD, SR.,

    Plaintiff,

v.

WELLS FARGO HOME MORTGAGE,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and SHAPIRO,
SWERTFEGER & HASTY LP,

    Defendants.

CIVIL ACTION NO.

1:13-cv-0531-JEC

**ORDER & OPINION**

    This case is before the Court on plaintiff's Motion to Reconsider [9]. In his motion, plaintiff seeks reconsideration of the Court's denial of his request for an entry of default against defendant Shapiro, Swertfeger & Hasty LP ("Shapiro"). (*See* Order [7] at 1.) Plaintiff does not object to the Court's concurrent decision to grant defendants Wells Fargo Home Mortgage and Federal National Mortgage Association's motion to dismiss [5], and the Court will not revisit that decision. However, plaintiff contends that the failure to order a default against Shapiro constitutes "plain error" under Federal Rule 55, which provides for the entry of a default judgment against a defendant who has "failed to plead or otherwise defend" an action. FED. R. CIV. P. 55.

As the Court explained in its previous Order, plaintiff failed to properly serve Shapiro in this action. (Order [7] at 1.) Specifically, plaintiff violated Rule 4(c)(2), which requires service by a person who is "not a party" in the case. FED. R. CIV. P. 4(c)(2). Plaintiff also failed to comply with the requirements of Rule 4(h) for service on a corporation or partnership. *See* FED. R. CIV. P. 4(h)(1)(B)(requiring delivery of the summons and complaint to an authorized agent or, alternatively, requiring service in compliance with state requirements) and O.C.G.A. § 9-11-4(e)(1)(A)(specifying that service should be accomplished by delivery of the summons and complaint to the president, other officer, or registered agent of a corporation).

As plaintiff failed to perfect service, Shapiro was not required to respond to the complaint. *Sun v. United States,* 151 Fed. App'x 860, 862 (11th Cir. 2005). The Court thus properly denied plaintiff's motion for entry of default. *Id. See also Jerome v. Barcelo Crestline, Inc.,* No. 1:07-cv-0447-WSD-LTW, 2007 WL 4224782, at *3 (N.D. Ga. Nov. 27, 2007)(Duffey, J.)("the Court cannot enter default against a party that appears to have no awareness it is being sued"). Accordingly, plaintiff's motion for reconsideration [9] is **DENIED.**

2

SO ORDERED, this 4th day of February , 2014.


                                    /s/ Julie E. Carnes
                                    JULIE E. CARNES
                                    CHIEF UNITED STATES DISTRICT JUDGE